Arthur J. GOLDBERG, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

EAGLE MAINTENANCE & SUPPLY CO., a corporation, and Martin Altman, Defendants.

Civ. No. 373-60.

United States District Court
S. D. California,
Central Division.

Aug. 18, 1961.

George E. Duemler, Atty., U. S. Dept. of Labor, Los Angeles, Cal., for plaintiff.

Marvin B. Kapelus, Los Angeles, Cal., for defendants.

KUNZEL, District Judge.

Plaintiff Secretary of Labor alleges in his complaint that defendant Eagle Maintenance & Supply Co. is in violation of certain provisions of the Fair Labor Standards Act, 29 U.S.C.A. §§ 201–219. Defendant, which supplies janitorial services to various office buildings and industrial concerns in the Los Angeles area, admits that it is engaged in interstate commerce within the meaning of the Act, and that it is in violation of the Act unless it is exempt by reason of Section 13(a) (2) of the Act, 29 U.S. C.A. § 213(a) (2).

In Mitchell v. Kentucky Finance Co., 1959, 359 U.S. 290, 79 S.Ct. 756, 3 L.Ed. 2d 815, and Goldberg v. Roberts, 9 Cir., 1961, 291 F.2d 532, it was held that where it has been established by interpretation prior to the 1949 amendment to Section 13(a) (2) that an industry is not retail, unless that classification was due to an application of the "business use" test, such industry is not now exempt.

In Interpretative Bulletin No. 6, "Retail and Service Establishments," issued by the United States Department of Labor, June 1941, paragraphs 22 et seq., the Administrator listed as typical examples of service establishments akin to retail establishments beauty parlors, shoeshine parlors, jewelry repair establishments, public garages, etc., and also listed as service establishments, which are not sufficiently akin to retail estab-

lishments to be considered as such, wreckers and junk dealers, repairers of business machines, companies engaged in repairing elevators, drydock companies, etc. While the Administrator, in Bulletin No. 6, stressed to some extent the "business use" test, he nevertheless characterized as "being outside the retail concept" certain service establishments which are similar in nature to the service establishment involved here. In Kirschbaum Co. v. Walling, 1942, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638 the businesses involved were engaged in the renting and maintaining of loft space for certain manufacturing tenants. They employed porters to keep the buildings clean and habitable. The Court stated that "the petitioners' buildings cannot be regarded as 'service establishments' within the exemption of § 13(a) (2)." 316 U.S. 526, 62 S.Ct. 1121. It is to be noted that in an interpretative bulletin issued by the Department of Labor, July 31, 1960, 29 C.F.R. § 779, the Administrator, without resorting to the "business use" test, characterized "[l]oft buildings or office buildings; concerns engaged in renting and the maintenance of," as types of establishments whose sales or services are not recognized as retail. 29 C.F.R. § 779.10. Although in Lorenzetti v. American Trust Co., D.S.N.D.Cal.1942, 45 F.Supp. 128, the court applied the "business use" test in finding firms engaged in performing janitorial services for certain banks as not being retail, the case nevertheless indicates that firms engaged in performing janitorial services on an industrial basis cannot be considered to be within the retail concept.

I hold that defendant is not entitled to exemption, because its business is outside the retail concept. Although it is, thus, not necessary to decide whether or not defendant meets all the tests laid down by Section 13(a) (2), see Goldberg v. Roberts, supra, it should be pointed out that defendant's Exhibit "A", which purports to be a report to an association of building cleaning establishments in 1961, indicates that the services rendered are not recognized as retail sales or services in the industry.

In accordance herewith, plaintiff shall prepare findings of fact, conclusions of law, and judgment, in one document.